**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERI PARRILLO,

Plaintiff,

vs.

MOTT 32 LAS VEGAS LLC, *et al.*,

Defendants.

Case No.: 2:26-cv-01628-GMN-NJK

**ORDER DISMISSING AND CLOSING CASE**

Plaintiff Eri Parrillo, proceeding *pro se*, initiated this action on May 28, 2026, with an Application for Leave to Proceed *In Forma Pauperis* ("IFP Application"), (ECF No. 1). On June 1, United States Magistrate Judge Nancy J. Koppe issued a Report and Recommendation, (ECF No. 4), recommending that the Court deny Plaintiff's IFP Application. Judge Koppe found that Plaintiff had sufficient funds and income to pay the Court's filing fee. (R. & R. 2:1–11). As Plaintiff did not timely object to the Report and Recommendation, the Court adopted it in full on July 29, thereby denying Plaintiff's IFP Application. (*See* Order 2:2–8, ECF No. 5). The Court ordered Plaintiff to pay the filing fee no later than August 25 and warned that failure to do so will result in the dismissal of this case. (*Id.*).

Plaintiff did not pay the filing fee. Instead, on August 14, she filed a second IFP Application, (ECF No. 6), with different information about her financial status. Judge Koppe denied the second IFP Application on August 19 because the relief Plaintiff sought was unclear. (*See* Order 1:14–15, ECF No. 7). Plaintiff took no further action in this case.

## I. <u>DISCUSSION</u>

District courts have the inherent power to control their dockets. "In the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

*Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, a court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct Plaintiff's failure to pay. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court cannot operate without collecting reasonable fees, so this action cannot proceed until Plaintiff pays the $405 filing fee for a civil action or seeks other relief from the filing fee. The only alternative to dismissal here is to enter

a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that she did not receive the Court's order. Consequently, setting another deadline is not a meaningful alternative, and the fifth factor favors dismissal.

## II. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice.**

The Clerk of Court is kindly directed to close the case.

**DATED** this __8__ day of October, 2026.

________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT